IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMON PEREZ | § | |
| | § | |
| V. | § | CASE NO. A-07-CA-044 AWA |
| | § | |
| CITY OF AUSTIN, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton, filed on February 22, 2008 (Clerk's Doc. No. 55), Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Experts, Stephen A. Thorne and Melba J.T. Vasquez, filed on February 25, 2008 (Clerk's Doc. No. 56), Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton, filed on March 4, 2008 (Clerk's Doc. No. 57), Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Experts, Stephen A. Thorne and Melba J.T. Vasquez, filed on March 7, 2008 (Clerk's Doc. No. 59), Defendants' Reply to Plaintiff's Response to Objections and Motion to Exclude Plaintiff's Rebuttal Expert, Jerry R. Staton, filed on March 14, 2008 (Clerk's Doc. No. 61), and Defendants' Reply to Response to Objections and Motion to Exclude Testimony of Plaintiff's Experts, Thorne and Vasquez, filed on March 17, 2008 (Clerk's Doc. No. 63).

**I. BACKGROUND**

This case arises from the departure of Plaintiff Ramon Perez ("Perez") from his position as a probationary police officer with the Austin Police Department ("APD"). Perez brought suit under § 1983 of Title 42 of the United States Code alleging that Defendants violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. According to Perez, he was forced to leave the APD because of his Christian beliefs and because he refused to perform an

illegal and unconstitutional act. Perez also claims that the APD used two incidents as a pretext for his forced departure. The first incident involved Perez's refusal to "tase" a suspect who he felt was adequately under control. The second involved a traffic stop directed by the APD Gang Unit, in which Perez allegedly exhibited "poor officer safety." Perez further contends that APD psychologist Dr. Carol Logan ("Dr. Logan") manufactured a report that he was psychologically unfit to be a police officer in order to further justify his improper termination.

In the motions presently before the Court, Defendants seek to exclude the testimony of three expert witnesses. In their first motion, Defendants seek to exclude the testimony of Perez's police practices rebuttal expert Jerry R. Staton ("Staton"). In the alternative to the wholesale exclusion of Staton's testimony, Defendants claim certain portions of Staton's expert report should be stricken. In their second motion, Defendants seek to exclude the testimony of Perez's psychology experts Dr. Stephen A. Thorne ("Dr. Thorne") and Dr. Melba J.T. Vasquez ("Dr. Vasquez"). Defendants also seek to exclude ceratin portions of Dr. Vasquez's expert report in the alternative.

## II.  ANALYSIS

Under Federal Rule of Evidence 702, expert testimony is admissible when it will assist the trier of fact. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

FED. R. EVID. 702. While a district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's note (2000). The district court has considerable discretion to admit expert testimony under Rule 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158, 119 S. Ct. 1167, 1179, 143 L. Ed. 2d 238 (1999). The decision to admit or exclude expert testimony will be reviewed on appeal only for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139, 118 S. Ct. 512, 515, 139 L. Ed. 2d 508 (1997).

The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible. *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998). The party offering the challenged expert opinions need not, however, prove "that the expert's testimony is correct." *Id.* Expert testimony is admissible if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. The Court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

Reliability does not require certainty, but must be demonstrated by evidence that the knowledge is more than speculation. *Daubert*, 509 U.S. at 590. To demonstrate reliability, the proponent of the expert testimony must present "some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. The Court must consider: (1) the validity of

the scientific principles used; (2) the accuracy of the data relied upon by the expert; and (3) the correctness of the application of the scientific principles to the relevant data. *See, e.g., Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). "The nonexhaustive list [of *Daubert* factors] includes 'whether [a theory or technique] can be (and has been) tested,' whether it 'has been subjected to peer review and publication,' the 'known or potential rate of error,' and the 'existence and maintenance of standards controlling the technique's operation,' as well as 'general acceptance.'" *Watkins*, 121 F.3d at 989 (quoting *Daubert*, 509 U.S. at 593-94). However, the analysis is a flexible one. "[N]ot every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy*, 394 F.3d at 325.

**A.      Perez's Police Practices Rebuttal Expert Jerry R. Staton**

Defendants argue Staton's testimony should be excluded for three reasons. First, Defendants contend Staton is not qualified to testify as a police practices expert because he lacks experience as a field training officer or supervisor. According to Defendants, Staton's expertise regarding tasers does not qualify him to opine on the issue of whether Perez was properly adapting to the law enforcement profession during the time leading up to his departure from the APD. Second, Defendants argue that Staton's report and testimony regarding tasers are not relevant merely because Perez was involved in an incident where another officer tased a suspect. Defendants also contend Staton's testimony is not relevant because Perez was an at-will employee who could be terminated with or without cause. Third, Defendants contend Staton's analysis is unreliable because his opinion is not supported by sufficient facts and data, he was once disciplined by the APD in the form of a 15 day suspension, and he has not worked as a law enforcement officer for the past eight years.

Alternatively, Defendants argue that certain portions of Staton's report should be stricken because they are subjective, conclusory, speculative, and beyond the scope of rebuttal.

In response to Defendants' arguments, Perez contends that Staton is qualified because his expertise goes beyond taser use. He cites ample evidence regarding Staton's qualifications in the police policies and procedures field. Second, Perez contends Staton's report and testimony are relevant to Defendants' expert Albert Rodriguez's ("Rodriguez") opinions, including the issue of whether Perez failed to properly adapt to the law enforcement profession during his time with the APD, because they call into question the methodology and conclusions of Rodriguez. Rodriguez contends in his report that Perez was not a very good police officer, and that he was never going to have the requisite constitution to be an adequate police officer. Third, Perez contends that Defendants' arguments regarding Staton's reliability go to weight rather than admissibility, and that Defendants' argument that Staton is unfamiliar with applicable law enforcement standards is simply incorrect. Finally, Perez contends that Defendants' alternative arguments concerning specific portions of Staton's report should be rejected because they go to weight rather than admissibility, directly relate to Rodriguez's methods and conclusions, and the statements challenged are based on extensive experience, training, and familiarity with APD procedures and customs.

Staton's expertise goes beyond taser use. He is qualified to testify regarding law enforcement policies and procedures with respect to the APD. Staton served as a police officer for twenty-five years with the APD, the very entity whose conduct is being challenged in this case. *See* Affidavit of Jerry R. Staton ("Staton Aff."), attached as "Exhibit B" to Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton at p. 4. Contrary to Defendants' contentions, Staton has experience in the capacities of field training officer and supervisor. *See* Staton Aff. at p. 2. He participated in the training of numerous cadet and

probationary officers and was assigned to be a supervisor or team leader on at least three occasions during the time that he worked for the APD.  *See* Staton Aff. at pp. 2-3.  Staton has more than 3,000 hours of recognized law enforcement training in addition to his twenty-five years of practical experience.  *See* Staton Aff. at pp. 4-5.  He teaches classes, attends law enforcement conferences, and spends time each week researching law enforcement issues.  *See* Staton Aff. at pp. 4-5.  He is certified as a "Senior Master TASER Instructor," and in numerous other police-practice related fields.  *See* CV of Jerry Staton ("Staton CV"), attached as "Exhibit A" to Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton at p. 4.  Suffice it to say, it is difficult to look at Staton's resume and quarter-century of experience on APD's police force and believe that he is not qualified to testify as a police practices expert (at least insofar as APD is concerned).  He has also testified as an expert in four previous cases concerning police policies and practices and/or the use of force.  Staton Aff. at p. 2. Accordingly, he is qualified to testify regarding police practices in this case, including the issue of whether Perez was properly adapting to the law enforcement profession prior to his departure from the APD.

Defendants' citation to and reliance on an unpublished district court case where the court excluded a police expert despite his having twenty-nine years of law enforcement and security experience does not require exclusion of Staton in this case.  *See Houston-Hines v. Houston Indep. Sch. Dist.*, No. Civ. A. H-04-3539, 2006 WL 897209, at *3 (S.D. Tex. Apr. 4, 2006).  Besides being an unpublished district court case that carries no precedential weight, the case is distinguishable in numerous, and important, ways.  *Houston-Hines* involved a school district police officer's decision to arrest a mother and daughter who he felt were out of control (the daughter was getting suspended from school and acted out in the principal's office).  *Id.* at *1.  The district court found that the

plaintiff's putative expert, despite have twenty-nine years of law enforcement experience, had never worked for a school district or in a school setting, that he had never previously been qualified as an expert, and that his expert report was marred by assumptions that were not supported by the uncontroverted evidence. *Id.* at \*3. As previously explained, in the present case Staton's education and professional experience reveal that he is qualified. With respect to qualifications, the proponent must demonstrate that the expert possesses a higher degree of knowledge, skill, experience, training or education than an ordinary person. *See* FED. R. EVID. 702. Perez has done so here. "As long as some reasonable indication of qualification is adduced, the court may admit the evidence without abdicating its gate-keeping function." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999).

      Defendants' contention that Staton's testimony should be excluded because his taser expertise is not relevant to claims of religious discrimination and retaliation ignores several of the important issues in this case. Expert testimony need not relate directly to the ultimate issue in a particular case. *Smith v. Ford Motor Co.*, 215 F.3d 713, 720 (7th Cir. 2000). It only needs to be relevant to the evaluation of a factual matter at issue in the case and helpful to the trier of fact. *Id*. As previously explained, Staton's knowledge is far broader than simple taser use. His proffered testimony concerns law enforcement practices and the issue of whether Perez was properly adapting to the law enforcement profession during his time with the APD. Staton's expertise is relevant in this case because one of the core issues is the determination of whether the reasons Defendants claim justified Perez's departure were pretextual. Moreover, Defendants' argument that Staton's testimony is irrelevant because Perez was an at-will employee and could be terminated for good reason, bad reason, or no reason similarly ignores Perez's claims that the actions of the APD were pretextual. Finally, the Court notes that Staton's proffered testimony is relevant because it directly rebuts the

7

conclusions contained in Rodriguez's report regarding Perez's alleged conduct, deficiencies, and failure to adapt to the law enforcement profession.  *Compare* Report of Albert Rodriguez ("Rodriguez Report"), attached as "Exhibit 5" to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton at p. 54 (concluding that Perez failed to adapt to the law enforcement profession), *with* Expert Witness Opinion ("Staton Report"), attached as "Exhibit C" to Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton at ¶ Q (Perez was in the process of properly adapting to the law enforcement profession when he was forced to resign).

Defendants' arguments regarding the reliability of Staton's testimony also fail.  Defendants charge that because Staton was once suspended for 15 days while employed by the APD, and has spent the last eight years as a businessman rather than a law enforcement officer, his testimony regarding police practices is unreliable.  These arguments improperly conflate the colloquial sense of the term "reliable" with the legal term of art that is at issue before the Court.  Staton's disciplinary history goes to weight and credibility rather than admissibility.  Accordingly, it is more properly the subject of cross-examination.  As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.  Defendants' contention that Staton in unreliable because he has spent the past eight years as a businessman rather than a law enforcement officer ignores not only his present business (police practices consultant), but also his experience and education.  It is this Court's responsibility to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.  Staton's proffered expert

8

testimony can be "based mainly on his personal observations, professional experience, education and training." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002). As delineated above, Staton's experience and training clearly qualify him to testify as an expert witness regarding police practices in this case.

While most of their arguments concerning specific portions of Staton's report deal with aspects of the report based on the same arguments rejected above, Defendants do point to a few sentences that are outside of Staton's purview as a police practices expert. Before addressing these issues, the Court notes that an expert report is generally not an admissible document at trial, as it is hearsay. *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985) (report of engineer was hearsay and inadmissible). Rather, it is the expert's testimony, not his or her report, that gets presented to the jury. Thus, the Court assumes that Defendants are seeking a ruling that Staton should not be permitted to testify regarding the specific topics in the report to which they object in their alternative argument.

Defendants first challenge sentences two, three, and the last portion of four in paragraph "A" of Staton's report, arguing they are mere speculation. These sentences are offered to directly rebut Rodriguez's analysis. Accordingly, the Court will not strike them. Defendants next challenge paragraph "B" and the last phrase of sentence two in paragraph "C" as lacking reliability and validity because the statements are purportedly contradicted by undisputed evidence in the record. The statements are not indisputably wrong and Defendants' attacks go to the weight of Staton's testimony rather than its admissibility. "[T]he factual basis of an expert's opinion goes to the credibility of the testimony not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hose v. Chicago N.W. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1996) (quoting *Laudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). Defendants attack

sentences eight, ten, and twelve through fifteen of paragraph "G" on the grounds that they are conclusory, speculative, lack evidentiary foundation, and are contradicted by official police reports. Again, Defendants' arguments go to weight rather than admissibility. Moreover, Staton's prior experience with the APD provides an adequate basis for the statements contained in paragraph "G." The Court similarly declines to strike sentence five in paragraph "H" and paragraph "I." Defendants claim paragraph "O" should be struck because is not offered in rebuttal to their own expert's testimony. However, Rodriguez's report discusses Perez's performance at the APD and the information contained in paragraph "O" will be helpful to the jury. Defendants argue that paragraph "P" of Staton's report is conclusory, speculative, and outside the scope of Staton's expertise. Staton's expertise is broader than tasers and paragraph "P" is in rebuttal to Rodriguez's report. Defendants challenge paragraph "Q" as not offered in rebuttal and inadmissible hearsay. Paragraph "Q" rebuts Rodriguez's contention that Perez failed to adapt to the law enforcement profession. Moreover, the facts or data underlying Staton's report need not be admissible for the opinion to be admitted. *See Soden v. Freightliner Corp.*, 714 F.2d 498, 502-03 (5th Cir. 1983) (citing examples of inadmissible hearsay relied upon by experts).

Defendants stand on slightly stronger ground with respect to their alternative arguments concerning paragraphs "L" - "N" of Staton's report. In paragraph "L," Staton opines that "[a]ny reference to religion . . . is strictly taboo" and any suggestion otherwise is "a clear violation of Plaintiff's right to religious freedom." *See* Staton Report at ¶ "L." In paragraphs "M" and "N" Staton builds on this analysis and discusses the APD's psychologist's evaluation of Perez. *See* Staton Report at ¶¶ "M" - "N." These paragraphs are outside the scope of Staton's expertise in police practices. Moreover, the last sentence of paragraph "L" is an impermissible legal conclusion. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1982) (opinion testimony that presents

10

a legal conclusion is not admissible). Rule 704 of the Federal Rules of Evidence provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704. The Fifth Circuit, however, "has repeatedly held that Rule 704 does not allow an expert to render conclusions of law." *United States v. $9,041,598.68,* 163 F.3d 238, 255 (5th Cir. 1998).

Perez cites *Smith v. Ford Motor Company* in support of his argument that these opinions can be salvaged. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 720 (7th Cir. 2000). In *Smith*, the plaintiff proposed to call two experts to support his claim that the steering mechanism in his van malfunctioned, causing an accident. *Id.* at 716. The district court concluded that neither was qualified to testify because they were not automotive engineers. *Id*. at 720. On review, the appellate panel held that, although their expertise did not concern the ultimate issue, which could require an automotive engineer, their expertise nevertheless could be "relevant to evaluating" other factual matters. *Id*. That is, the court noted that their expertise as engineer might be helpful to understanding automobile defects. Perez does not try to draw a similarly tight connection between Staton's expertise and his opining on matters of constitutional law or police psychology. Nor could he. As Defendants correctly point out, Staton's opinion on these subjects would not be helpful to the jury.

Accordingly, Defendants' Motion to Exclude Staton's testimony will be GRANTED with respect to the topics identified in paragraphs "L" - "N" of Staton's report, and is DENIED in all other respects.

**B.     Perez's Psychology Experts Dr. Stephen A. Thorne and Dr. Melba J.T. Vasquez**

Relying on many of the same types of arguments as they utilize regarding Staton, Defendants seek to exclude the testimony of Dr. Thorne and Dr. Vasquez. Defendants contend that Dr. Thorne

and Dr. Vasquez may not testify regarding Logan's psychological evaluation of Perez and their testimony should be excluded because neither specializes in law enforcement psychology.

### 1. Dr. Stephen A. Thorne

Dr. Thorne was retained to perform a psychological evaluation of Perez in order to determine the extent to which his ability to perform the necessary duties of a police officer would be prevented by any psychiatric deficits.  *See* Psychological Evaluation of Mr. Ramon Perez ("Thorne Report"), attached as "Exhibit 2" to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Experts, Stephen A. Thorne and Melba J.T. Vasquez at ¶ 1.  With respect to Dr. Thorne, Defendants first argue that he is not qualified because of his lack of training and experience in law enforcement psychology.  Defendants also argue Dr. Thorne's opinion is not relevant because he does not opine regarding the reason for Perez's separation from the APD, and because Perez was an at-will employee who could be terminated with or without cause.  Last, Defendants argue that Dr. Thorne's opinion is not reliable because his conclusions are inconsistent and are not the product of reliable principles and methods.

In response, Perez contends Dr. Thorne need not have a particular specialty within the field of psychology in order to be qualified, police psychology is not a recognized specialty within the field of psychology, and Dr. Thorne's education and experience are sufficient to qualify him as an expert in this case.  Perez contends Dr. Thorne's testimony is relevant because it directly refutes Dr. Logan's report and testimony, and will assist the finder of fact in determining whether the reasons offered by the APD for Perez's termination were pretextual.  Last, Perez contends Dr. Thorne's testimony is reliable based on the methods utilized in rendering his psychological evaluation of Perez.  The Court is of the opinion that Dr. Thorne is qualified to testify in this case, his opinions are relevant, and his methods are reliable.

Defendants' argument that Dr. Thorne's testimony must be excluded because he is not a police psychology specialist is without merit. First, as noted by Dr. Melba Vasquez (Plaintiff's other psychological expert), "police psychology" is not an area of specialty currently recognized by the American Psychological Association. Plaintiff's Response (Clerk's Doc. No. 59) at Exh. A, p. 3. Even if it were, "an expert witness is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight." *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991) (citing numerous cases in which experts were permitted to testify despite a lack of specialization within a particular field of expertise); *Holbrook v. Lykes Bros. Steamship Co.*, 80 F.3d 777, 782 (3rd Cir. 1996) (trial court abused its discretion in restricting expert testimony based upon the lack of a particular specialty). "An expert must, however, stay within the reasonable confines of his subject area and cannot render expert opinions on an entirely different field or discipline." *Wheeler*, 935 F.2d at 1100. Accordingly, Dr. Thorne's lack of specialization in police psychology does not require his exclusion.

Defendants cite *Whiting v. Boston Edison Company* in support of their argument for the exclusion of Dr. Thorne. *See Whiting v. Boston Edison Co.*, 891 F. Supp. 12 (D. Mass. 1995). This Court is not bound by *Whiting*, and the case does not mandate the exclusion of Dr. Thorne. In *Whiting* the court explained that Federal Rule of Evidence 702 requires a witness be qualified in the subject he or she is to testify regarding, and that an expert will not be presumed qualified to testify regarding every conceivable principle or issue of a given subject. *Id.* at 24. *Whiting* did not hold that a psychology expert must have a specialization within the field. *See id.* A lack of specialization is not fatal if an expert stays within his or her subject area.

13

As long as Perez shows a reasonable indication of Dr. Thorne's qualifications, his testimony need not be excluded. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999). Dr. Thorne has a Ph.D. in clinical psychology, currently serves as an adjunct professor for masters level counseling students, and has approximately eleven years of experience in the field of clinical psychology. *See* Curriculum Vitae of Dr. Stephen A. Thorne ("Thorne CV"), attached as "Exhibit E" to Plaintiffs' Response to Defendants' objections and Motion to Exclude Testimony of Plaintiffs' Rebuttal Experts Stephen A. Thorne and Melba J.T. Vasquez at pp. 1-4. He has co-authored four articles regarding personality disorders and antisocial syndrome, and is a frequent lecturer on a variety of topics related to clinical psychology. *See* Thorne CV at p. 4. Importantly, he has performed approximately 1,000 psychological examinations during his career, including an examination of an APD applicant at the request of the City of Austin. *See* Affidavit of Dr. Stephen A. Thorne ("Thorne Aff."), attached as "Exhibit D" to Plaintiffs' Response to Defendants' objections and Motion to Exclude Testimony of Plaintiffs' Rebuttal Experts Stephen A. Thorne and Melba J.T. Vasquez at p. 2. Based on Dr. Thorne's professional experience and education, he is qualified to testify in this case. Defendants are free to cross-examine him regarding any lack of specialization in police psychology.

Dr. Thorne's opinion is also relevant and reliable. Defendants' arguments that Dr. Thorne's opinion is not relevant because he did not opine regarding the reason for Perez's separation from the APD, and because he did not opine regarding religious discrimination or retaliation, fail because expert testimony need not directly relate to the ultimate issue in a case. Instead, it only needs to be relevant in evaluating a factual matter at issue. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 720 (7th Cir. 2000). Here, Dr. Thorne disagrees with Dr. Logan's conclusion that Perez has a fundamental deficit prohibiting him from performing duties as a police officer or benefitting from further

treatment. *See* Thorne Report at pp. 3, 4-5. Dr. Thorne also concludes that Perez has previously benefitted from feedback. *See* Thorne Report at p. 4. These conclusions are directly relevant to the issue of whether the reasons for Perez's resignation were pretextual because they contradict the conclusions of Dr. Logan. Moreover, Defendants' argument that Dr. Thorne's opinion is irrelevant because Perez was an at-will employee who could be fired for no reason at all fails due to the allegations contained in this case that the justifications for Perez's termination were pretextual. Because his testimony is offered to rebut the opinions of Dr. Logan, and it relates to the factual matters at issue in this case, Dr. Thorne's opinion is relevant. Finally, Defendants' argument that Dr. Thorne's testimony is not reliable fails as well. Defendants' argument that Dr. Thorne's conclusions are inconsistent and therefore unreliable fails because Perez need not prove Dr. Thorne's opinions to a certainty. *See Daubert*, 509 U.S. at 590. Instead, Perez need only demonstrate that Dr. Thorne's opinions are more than speculation. He has done so here. Dr. Thorne's opinion is based on his clinical interview and mental status examination of Perez, the results of numerous personality tests administered to Perez, and his review of certain APD documents applicable to Perez. In fact, one of the tests administered by Dr. Thorne was the very same test previously utilized by the APD to assess Perez during his application period. This underscores the reliability and relevance of his analysis. Accordingly, the Court declines to exclude the testimony of Dr. Thorne.

  2. ***Dr. Melba J.T. Vasquez***

Dr. Vasquez was retained to give an expert opinion on the standard of care provided by Dr. Logan. *See* Expert Opinion on Psychological Report on Ramon Perez, written by Dr. Carol Logan ("Vasquez Report"), attached as "Exhibit C" to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Experts, Stephen A. Thorne and Melba J.T. Vasquez at ¶ 1. Defendants' arguments in support of the exclusion of Dr. Vasquez are essentially the same as those made

regarding Dr. Thorne. First, Defendants argue that Dr. Vasquez is not qualified to testify as an expert in this case because she has no academic training or experience in law enforcement psychology. Second, Defendants argue Dr. Vasquez's testimony is not relevant because she did not assess discrimination and Perez was an at-will employee. Next, Defendants argue her opinions are not reliable because she has no expertise in police psychology and she relied on selective data and Perez's subjective version of events. In the alternative, Defendants claim certain portions of Dr. Vasquez's report should be stricken because they lack foundation, are speculative, rely on Perez's subjective beliefs, and do not utilize a reliable methodology. Specifically, Defendants contend, with respect to paragraph four, that sentence three lacks foundation and is based on speculation, and that sentences five and six are based on a subjective version of events. Defendants contend sentence two of paragraph five lacks foundation and is based on speculation. Next, Defendants contend that paragraph eleven is outside the scope of Dr. Vasquez's services as an expert. Finally, Defendants argue that sentences one and three of paragraph eighteen lack foundation and are based on speculation. Perez counters that Dr. Vasquez's lack of specialization in police psychology is not a valid basis for her exclusion. Perez also contends Dr. Vasquez's testimony is relevant because it specifically addresses Dr. Logan's report. Finally, with respect to Defendants' arguments that certain portions of Dr. Vasquez's report should be stricken, Perez argues that Defendants' arguments regarding paragraphs four and five go to weight rather than admissibility, paragraph eleven is based on Dr. Vasquez's expertise in ethics, and paragraph eighteen is based on her specialized knowledge.

Dr. Vasquez is qualified to testify in this case, her opinions are relevant, and her methods are reliable. As previously discussed, a lack of specialization within a particular field does not require the wholesale exclusion of an expert's testimony. *See Wheeler*, 935 F.2d at 1100. Dr. Vasquez has a Ph.D. in counseling psychology and more than 20 years experience as a licensed psychologist. *See*

CV of Melba J.T. Vasquez ("Vasquez CV"), attached as "Exhibit B" to Plaintiff's Response to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Experts Stephen A. Thorne and Melba J.T. Vasquez at p.1.  She has authored or co-authored six books, thirty-one book chapters, and thirty-two journal articles.  *See* Vasquez CV at pp. 3-9.  Included in her writings are three editions of a counseling and psychology ethics textbook.  *See* Affidavit of Dr. Melba J.T. Vasquez ("Vasquez Aff."), attached as "Exhibit A" to Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Rebuttal Experts Stephen A. Thorne and Melba J.T. Vasquez at p. 2.  Dr. Vasquez also serves on the Ethics Committee for the American Psychological Association and served on the task force that revised the current and preceding versions of the American Psychological Association's ethics code.  *See* Vasquez Aff. at p. 2.  In this case, Dr. Vasquez was retained to testify regarding the standard of care provided by Dr. Logan to Perez.  *See* Vasquez Aff. at p. 2.  Her education and experience qualify her to testify in this case.  Moreover, contrary to Defendants' position that she has no experience in police psychology, she performed psychological evaluations of police department applicants in the university setting for almost ten years.  *See* Vasquez Aff. at p. 3.  Dr. Vasquez is qualified to testify and any concerns Defendants have regarding her purported lack of expertise in police psychology may be addressed during cross-examination at trial.

Dr. Vasquez's proposed testimony is also relevant in this case because it will assist the jury in assessing and understanding the report compiled by Dr. Logan.  Perez claims that the psychological evaluation conducted by Dr. Logan ignored objective data, reached unsubstantiated conclusions, and was the "final justification" in support of Perez's termination.  *See* Plaintiff's Original Complaint at ¶ 17.  Perez also claims that Dr. Logan failed to inform him of the complete purpose of their meeting and her evaluation of him.  *See* Plaintiff's Original Complaint at ¶ 17.  Dr.

Vasquez's report is relevant because it directly relates to Dr. Logan's report. Specifically, Dr. Vasquez claims Dr. Logan failed to obtain complete informed consent from Perez and failed to comply with the applicable standard of care in conducting her assessment of Perez. *See* Vasquez Report at p. 3. Defendants' contentions that Dr. Vasquez's report is not relevant because it does not assess discrimination, and that the applicable standard of care analysis is irrelevant because this is not a medical malpractice case, fail. Defendants' arguments ignore Perez's contention that the psychological evaluation conducted by Dr. Logan was part of the pretext used to justify his termination. Therefore, Dr. Vasquez's opinions regarding Dr. Logan's evaluation are relevant to Perez's claims. Dr. Vasquez's specialized knowledge will assist the jury in evaluating Dr. Logan's report and assist in the resolution of the issue of whether the report was part of a pretext utilized to justify Perez's termination.

With little explanation or reasoning, Defendants contend that Dr. Vasquez's opinions are not the product of reliable principles and methods because she lacks expertise in police psychology, relied on selective facts and subjective data, and her opinion conflicts with that of Thorne. As already explained, an expertise in police psychology is not necessary in order for Dr. Vasquez to testify. Defendants' concerns that Dr. Vasquez relied on selective facts and subjective data, and that her opinion conflicts with that of Thorne, can be addressed on cross-examination. Moreover, Dr. Vasquez's opinions in this case are based not only on her professional experience, studies, and education, but also her review and evaluation of items including the evaluations and comments completed by Perez's supervisors, the results of Perez's personality tests, Dr. Logan's psychological report regarding Perez, Dr. Logan's notes regarding her examination of Perez, Dr. Logan's response to the Texas State Board of Examiners of Psychologists regarding her evaluation of Perez, and memorandums from Perez explaining alleged inconsistencies in his evaluations. *See* Vasquez

Report at p. 1. Dr. Vasquez relied on a number of sources, which taken as a whole provide a reliable basis for her opinions. Accordingly, the Court finds that her testimony should not be excluded due to unreliability.

In the alternative, Defendants argue that certain portions of paragraphs four, five, eleven, and eighteen of Dr. Vasquez's report should be stricken because they lack foundation, are speculative, and contain a recommendation that is outside the scope of Dr. Vasquez's services. Defendants move to strike the last phrase of sentence three and sentences five and six of paragraph four as lacking foundation and being based on speculation. Dr. Vasquez's statement that she could see how Perez "may" have experienced Dr. Logan's lack of objectivity is overly speculative and lacks sufficient foundation. Accordingly, the last phrase of sentence three should be stricken. Sentences five and six are based on the facts as reported by Perez. Defendants' arguments regarding sentences five and six are matters of weight rather than admissibility. *See Primrose Oper. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). Sentence two of paragraph five is too speculative to be admitted. There, Dr. Vasquez opines that the purpose of the meeting with Dr. Logan "may" not have been clear to Perez. Defendants argue that paragraph eleven is outside the scope of Dr. Vasquez's services as an expert in this case because it purports to make a recommendation for future evaluations by Dr. Logan. The Court disagrees. Paragraph eleven is directly related to Dr. Vasquez's opinion regarding whether or not Dr. Logan met the applicable standard of care. Finally, the Court disagrees with Defendants' contention that sentences one and three of paragraph eighteen lack foundation and are speculative. They are based on evaluations of Perez, which were reviewed by Dr. Vasquez.

### III.  CONCLUSION

In sum, the Court is of the opinion that Defendants' motions to exclude should be GRANTED IN PART and DENIED IN PART. It is, therefore

19

ORDERED that Defendants' Motion to Exclude Testimony of Plaintiff's Rebuttal Expert, Jerry R. Staton is GRANTED with respect to the topics identified in paragraphs "L" - "N" of Staton's report, and is DENIED in all other respects. It is, further

ORDERED that Defendants' Motion to Exclude Testimony of Plaintiff's Experts, Stephen A. Thorne and Melba J.T. Vasquez is GRANTED with respect to the topics identified in the last phrase of sentence three of paragraph four and sentence two of paragraph five of Dr. Vasquez's report, and is DENIED in all other respects.

SIGNED this 5th day of May, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE