IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAMON PEREZ § | |
| § | |
| V. § | CASE NO. A-07-CA-044 AWA |
| § | |
| CITY OF AUSTIN, ET AL. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Objections and Motion to Exclude Testimony of Defendant's Expert, Albert Rodriguez, filed on April 23, 2008 (Clerk's Doc. No. 70) and Defendants' Response to Plaintiff's Objections and Motion to Exclude Testimony of Defendants' Expert, Albert Rodriguez, filed on April 28, 2008 (Clerk's Doc. No. 71).

### I. BACKGROUND

This case arises from the departure of Plaintiff Ramon Perez ("Perez") from his position as a probationary police officer with the Austin Police Department ("APD"). Perez brought suit under § 1983 of Title 42 of the United States Code alleging that Defendants violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Perez claims he was forced to leave the APD because of his Christian beliefs and because he refused to perform an illegal and unconstitutional act. Perez also claims that the APD used two incidents as a pretext for his forced departure. The first incident involved Perez's refusal to "tase" a suspect who he felt was adequately under control. The second involved a traffic stop directed by the APD Gang Unit, in which Perez allegedly exhibited "poor officer safety." Perez further contends that APD psychologist Dr. Carol Logan manufactured a report, which concluded that he was psychologically unfit to be a police officer in order to further justify his improper termination.

## II.  ANALYSIS

Under Federal Rule of Evidence 702, expert testimony is admissible when it will assist the trier of fact.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993).  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  While a district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule."  FED. R. EVID. 702 advisory committee's note (2000).  The district court has considerable discretion to admit expert testimony under Rule 702.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158, 119 S. Ct. 1167, 1179, 143 L. Ed. 2d 238 (1999).  The decision to admit or exclude expert testimony will be reviewed on appeal only for abuse of discretion.  *General Elec. Co. v. Joiner*, 522 U.S. 136, 139, 118 S. Ct. 512, 515, 139 L. Ed. 2d 508 (1997).

The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible.  *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).  The party offering the challenged expert opinions need not, however, prove "that the expert's testimony is correct."  *Id.*  Expert testimony is admissible if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable.  *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).  The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies

or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. The Court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

Reliability does not require certainty, but must be demonstrated by evidence that the knowledge is more than speculation. *Daubert*, 509 U.S. at 590. To demonstrate reliability, the proponent of the expert testimony must present "some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. The Court must consider: (1) the validity of the scientific principles used; (2) the accuracy of the data relied upon by the expert; and (3) the correctness of the application of the scientific principles to the relevant data. *See, e.g., Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). "The nonexhaustive list [of *Daubert* factors] includes 'whether [a theory or technique] can be (and has been) tested,' whether it 'has been subjected to peer review and publication,' the 'known or potential rate of error,' and the 'existence and maintenance of standards controlling the technique's operation,' as well as 'general acceptance.'" *Watkins*, 121 F.3d at 989 (quoting *Daubert*, 509 U.S. at 593-94). However, the analysis is a flexible one. "[N]ot every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy*, 394 F.3d at 325.

In the motion presently before the Court, Perez contends that the testimony of Defendant's law enforcement expert Albert Rodriguez ("Rodriguez") regarding religious discrimination and psychology issues, including the issues of whether Perez's psychology experts are qualified and whether Perez would have benefitted from psychological counseling, should be excluded because

3

he is not qualified to testify regarding these subject areas. In addition, Perez challenges four specific paragraphs contained in Rodriguez's expert report. First, Perez claims the last two sentences of paragraph twenty-six are speculative and irrelevant. Second, Perez challenges paragraph thirty of the report as irrelevant and impermissible criticism of Perez's psychology expert's qualifications. Third, Perez moves to strike paragraph thirty-one and to exclude related testimony at trial because Rodriguez is not qualified to render such opinions. Fourth, Perez moves to strike paragraph thirty-three, arguing it is conclusory and speculative because Rodriguez is not qualified to opine on whether the APD impermissibly discriminated against him. Finally, in the alternative to the exclusion of paragraph thirty-three as a whole, Perez argues the second and eighth sentences of the paragraph should be stricken because they are conclusory and speculative. Perez does not challenge Rodriguez's qualifications as a law enforcement expert.

Defendants only responded to Perez's arguments regarding specific paragraphs. They did not respond to Perez's broader argument that Rodriguez should not be permitted to testify regarding religious discrimination and psychology issues. In response to the specific paragraphs objected to by Perez, Defendants argue that paragraph twenty-six is relevant to Perez's alleged performance deficiencies and is not speculative because it is based on Rodriguez's law enforcement qualifications. Next, Defendants argue paragraph thirty is relevant to the referral of Perez to APD psychologist Dr. Carol Logan and rebuts the qualifications of Perez's psychology experts. Regarding paragraph thirty-one, Defendants assert Rodriguez is merely responding to the expert report of Perez's psychology expert Dr. Melba J.T. Vasquez ("Dr. Vasquez") and that the information contained therein is within the scope of Rodriguez's law enforcement qualifications. Last, Defendants contend paragraph thirty-three is based on the reports compiled by the APD regarding

4

Perez, and that Rodriguez may opine as to negligent supervision issues in law enforcement based on his qualifications.

Before addressing the issues raised by the parties, the Court notes that an expert report is generally not an admissible document at trial, as it is hearsay. *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985) (report of engineer was hearsay and inadmissible). Rather, it is the expert's testimony, not his or her report, that gets presented to the jury. Thus, the Court assumes that Perez is seeking a ruling that Rodriguez should not be permitted to testify regarding the specific topics in the report to which he objects.

## A.  *Religious discrimination and psychology issues*

Perez contends Rodriguez should not be permitted to testify regarding religious discrimination and psychology issues due to his lack of qualifications. Rodriguez does not purport to be an expert in psychology. *See* Report of Albert Rodriguez ("Rodriguez Report"), attached as "Exhibit A" to Plaintiff's Objections and Motion to Exclude Testimony of Defendant's Expert, Albert Rodriguez at ¶ 32; Oral Deposition of Albert Rodriguez ("Rodriguez Deposition"), attached as "Exhibit B" to Plaintiff's Objections and Motion to Exclude Testimony of Defendant's Expert, Albert Rodriguez at pp. 16-18, 26. Nor does he claim to be an expert regarding religion or religious discrimination. *See* Rodriguez Deposition at p. 17. Moreover, Defendants do not offer any argument or evidence in support of Rodriguez's qualifications regarding these areas in their Response to Plaintiff's Objections and Motion to Exclude Testimony of Defendants' Expert, Albert Rodriguez that Rodriguez. Accordingly, Rodriguez will not be permitted to testify regarding psychological and religious discrimination issues at trial. Therefore, his testimony will be limited to the law enforcement issues on which he is qualified to testify. Given that there is limited

discussion in the Rodriguez Report regarding religious discrimination and psychology issues, this ruling will not materially affect the substance of Rodriguez's testimony at trial.

### B.   *Paragraph twenty-six*

In paragraph twenty-six of his report, Rodriguez opines that

> [i]t belies common sense that a supervisor would allow a probationary officer that is experiencing difficulties in performing the regular assigned duties and responsibilities to use on-duty time to focus on other non-law enforcement related activities. This in my opinion would hinder the probationary officer more than assist in [his or her] completi[on of] the probationary period.

*See* Rodriguez Report at ¶ 26. The Court disagrees with Perez's contentions regarding the last two sentences of paragraph twenty-six. Rodriguez's experience and education qualify him to testify regarding the effect of non-law enforcement related activities on a probationary officer's normal duties and responsibilities. Similarly, the statements are not speculative because they are based on Rodriguez's thirty years of law enforcement training and experience, as well as his review of myriad documents including APD reports referring to Perez. Moreover, "the factual basis of an expert's opinion goes to the credibility of the testimony not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hose v. Chicago N.W. Transp. Co.*, 70 F.3d 968, 974 (8th Cir.1996) (quoting *Laudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). In addition, Rodriguez's statements are relevant because they relate to the events leading up to Perez's departure from the APD and, more specifically, Perez's performance during his probationary period. Accordingly, the Court will not prohibit Rodriguez's testimony regarding these specific topics.

### C.   *Paragraph thirty*

In paragraph thirty, Rodriguez states that he reviewed the reports prepared by Perez's psychology experts, his experience reveals that law enforcement officers are referred to psychologists

that specialize in law enforcement psychology, and that he did not observe any law enforcement experience or training in Perez's psychologists' reports or curriculum vitae. *See* Rodriguez Report at ¶ 30. Perez is correct that Rodriguez's opinions in paragraph thirty are irrelevant. As previously noted in this Court's May 5, 2008 Memorandum Opinion and Order regarding Defendants' Objections and Motion to Exclude Testimony of Plaintiff's Experts, Stephen A. Thorne and Melba J.T. Vasquez, an expertise or specialization in police psychology is not required in order for a psychologist to be qualified to offer expert testimony in the field of psychology. *See* Memorandum Opinion and Order, filed on May 5, 2008 (Clerk's Doc. No. 72) at pp. 13, 16-17. In addition, the opinions contained in paragraph thirty are outside the scope of Rodriguez's qualifications. Rodriguez does not claim to be an expert in the field of psychology. Rodriguez Deposition at pp. 16-18, 26. Finally, as previously noted by the Court, concerns regarding the qualifications of Perez's psychology experts can be addressed through cross-examination of those individuals. Therefore, Rodriguez will not be permitted to testify regarding the specific topics contained in paragraph thirty.

### D.     *Paragraph thirty-one*

Rodriguez testifies in paragraph thirty-one that assuming Perez needed psychological therapy, it would have been unreasonable to allow such therapy to occur while he was operating in the capacity of a law enforcement officer. *See* Rodriguez Report at ¶ 30. He also states that permitting Perez to serve as a law enforcement officer while he was undergoing therapy would have posed a danger to himself, other officers, and the public. *See* Rodriguez Report at ¶ 30. Finally, he states that the APD and Perez's supervisor would have been "negligent" in permitting Perez to continue working while undergoing therapy. *See* Rodriguez Report at ¶ 30. The Court agrees with Perez that Rodriguez should not be permitted to testify regarding the matters contained in paragraph thirty-one. Rodriguez is not qualified to opine regarding the effect of psychological therapy on Perez's ability

7

to work as a law enforcement officer. Defendants offered no evidence that Rodriguez is qualified to testify regarding an alleged need for therapy and the effect it may or may not have had on his ability to function as a law enforcement officer. As previously noted, Rodriguez is not an expert in the field of psychology. Given his lack of background and training regarding the effect of psychological counseling on job performance, Rodriguez's opinions in paragraph thirty-one are speculative and will not assist the jury. Absent an expertise in psychology, he may not testify regarding the specific topics contained therein.

### E.     *Paragraph thirty-three*

Paragraph thirty-three summarizes Rodriguez's conclusions regarding the materials he reviewed in preparing his report. Specifically, Rodriguez opines that the evidence he reviewed indicates that Perez failed to properly adapt to the law enforcement profession and that his deficiencies were well-documented. *See* Rodriguez Report at ¶ 33. He also opines that the evidence reveals a lack of discrimination and pretextual actions. *See* Rodriguez Report at ¶ 33. The Court will not prohibit Rodriguez from testifying regarding paragraph thirty-three as a whole. Rodriguez is free to testify regarding the information contained in the materials he analyzed in preparing his report and reaching his conclusions. However, Rodriguez is not qualified to testify concerning the areas of religion and religious discrimination. The Court is of the opinion that Rodriguez should not be permitted to testify regarding sentences two, four, and eight of paragraph thirty-three because the specific topics contained therein are outside the scope of his expertise. Moreover, sentences four and eight closely resemble impermissible legal conclusions, and are also impermissible topics.

### III.  CONCLUSION

In sum, Plaintiff's Objections and Motion to Exclude Testimony of Defendants' Expert, Albert Rodriguez (Clerk's Doc. No. 70) is GRANTED IN PART and DENIED IN PART. The

motion is GRANTED with respect to religious discrimination and psychology issues, and paragraphs thirty, thirty-one, and the second, fourth, and eighth sentences of paragraph thirty-three of the Rodriguez Report.  It is, further ORDERED that the motion is DENIED in all other respects.

SIGNED this 19th day of June, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE