# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RAMON PEREZ** | § | |
| | § | |
| **VS.** | § | **NO. A-07-CA-044 AWA** |
| | § | |
| **JESSE BROWN, et al.** | § | |

## ORDER

Before the Court are Defendants' Motion for Entry of Judgment (Clerk's Doc. No. 200), Plaintiff's Response to Defendants' Motion for Entry of Judgment (Clerk's Doc. No. 202), and Defendant's reply (styled as a "motion for costs") (Clerk's Doc. No. 203).

## BACKGROUND

Ramon Perez filed this lawsuit against Jesse Brown, Daniel Zahara, and Carol Logan, alleging that he was fired because of his religious beliefs in violation of his first amendment rights. On December 14, 2009, the Court called the case for trial, and on December 18, 2009, the case was submitted to the jury. The jury returned its verdict on the same day, answering question No. 1 "No." Defendants have now filed their motion for entry of judgment. Perez has filed a response to the motion, stating that he does not oppose the motion except on this issue of costs. Defendants have responded to this by submitting a detailed request for costs.

According to Perez, a prevailing defendant in a civil rights case is entitled to costs only if it can establish that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable. Perez is mistaken, as this is the rule for *fees*, not costs. *See Kentucky v. Graham*, 473 U.S. 159, 165 n.9 (1985) ("Prevailing defendants generally are entitled to costs, see FED. R. CIV. P. 54(d), but are entitled to fees only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."). In fact, in a case cited by Perez, the court noted that under Rule 54(d) "costs are to be

awarded as a matter of course in the ordinary case." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000). And although that court upheld the district court's decision to not award costs, the court explicitly stated, "We do not mean to suggest that the presumption in favor of awarding costs to prevailing parties does not apply to defendants in civil rights actions." *Id.*

This is not a case where there was misconduct on the part of the prevailing party, nor is it an "extraordinarily important" case. *Cf. id.* (Plaintiffs "brought an action that present[ed] issues of the gravest public importance" that "affect[ed] tens of thousands of Californians and the state's public school system as a whole."). There being no reason presented for the Court not to follow the ordinary rule, costs will be taxed against the Plaintiff.

## CONCLUSION

Based on the foregoing, the Court will **GRANT** Defendants' Motion to Enter Judgment (Clerk's Doc. No. 200), and a judgment will be entered contemporaneously with this order. Defendants should file their bill of costs in the form directed by the Local Rules,[1] attaching the receipts submitted with the Motion for Costs. Plaintiff may file any objections he has with the Clerk.

IT IS SO ORDERED.

SIGNED this 11th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Available at http://www.txwd.uscourts.gov/forms/docs/district/ao_133.pdf